# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No. 6:23-mc- 223 |
| U.S. Priority Mail Express parcel 9505 5116 3596 3068 7771 37 located at 1036 SE Douglas Ave., Roseburg, Oregon, as described in Attachment A | ) ) ) ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

U.S. Priority Mail Express parcel 9505 5116 3596 3068 7771 37 located at 1036 SE Douglas Ave., Roseburg, Oregon, in the secure evidence vault, as described in Attachment A

located in the _____ District of _____ Oregon _____ , there is now concealed *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Unlawful distribution, and poss. with intent to distribute, controlled substances; |
| 21 U.S.C. § 843 | Unlawful use of the mail in a controlled substance violation; |
| 21 U.S.C. § 844 | Unlawful possession of controlled substances |

The application is based on these facts:

See affidavit which is attached hereto and incorporated herein by this reference.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
David L. Hardin, Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ Telephone at __5:10pm_a.m./p.m. _____ *(specify reliable electronic means).*

Date: ___March 17, 2023___

_____
/s/ Mustafa T. Kasubhai
*Judge's signature*

City and state: __Eugene, Oregon__

Mustafa T. Kasubhai, United States Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss:            AFFIDAVIT OF DAVID HARDIN

**Affidavit in Support of an Application**
**Under Rule 41 for a Search Warrant**

I, David Hardin, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.        I am a Postal Inspector with the United States Postal Inspection Service (USPIS) and have been since October 2018.   I am currently assigned to the Portland, Oregon Domicile Office of the USPIS.   As a Postal Inspector, I am empowered by 18 U.S.C. § 3061 to conduct investigations and to make arrests for offenses against the United States.   As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine, and heroin, as well as proceeds of the sale of controlled substances.   In December 2008, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (F.L.E.T.C.) in Glynco, Georgia.   From November 2008 to February 2018, I served as a U.S. Secret Service Special Agent.   Prior to that, I served five years in the U.S. Navy as an Intelligence Officer, achieving the rank of Lieutenant.   In January 2020, I completed an Advanced USPIS Investigations training course on Prohibited Mailings involving narcotics.

2.        I submit this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search U.S. Priority Mail parcel 9505 5116 3596 3068 7771 37 (hereinafter "**Subject Parcel**") for evidence, contraband, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843, and 844: Unlawful distribution, and possession with intent to distribute, controlled substances; Unlawful use of the mail in a

**Affidavit of David Hardin**                                                                                   **Page 1**

controlled substance violation; and, Unlawful possession of controlled substances.   The parcel is presently in the possession of the Douglas Interagency Narcotics Team (DINT) at 1036 SE Douglas Ave., Roseburg, Oregon 97470, in their secure evidence vault, as described in Attachment A.   As set forth below, I have probable cause to believe that evidence, contraband, fruits, and/or instrumentalities of violations of the Target Offenses, as described in Attachment B, will be found in the **Subject Parcel**, as described in Attachment A.

3.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.   The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

**Target Offenses**

4.      I believe there is probable cause to believe that evidence of the following violations will be found in the **Subject Parcel**:

- Title 21 U.S.C. §  841(a)(1) provides that it is unlawful to distribute, or possess with the intent, controlled substances.

- Title 21 U.S.C. § 843(b) provides that it is unlawful to use a communication facility, including the U.S. Mail, to distribute controlled substances.

- Title 21 U.S.C. § 844 provides that it is unlawful to possess a controlled substance.

**Affidavit of David Hardin**                                                                 **Page  2**

**Training and Experience on Controlled Substances Sent Through the U.S. Mail**

5.      I know from my training and experience that drug traffickers frequently use U.S. Postal Service Priority Mail Express and Priority Mail services to ship controlled substances, including marijuana, cocaine, heroin, and methamphetamine.   I know from my training and experience that drug traffickers who mail controlled substances, proceeds of the illegal sale of controlled substances, and facilitation funds are often aware that parcels are inspected by trained canines.   Accordingly, drug traffickers often attempt to wrap their parcels, and the contents of their parcels, in a manner they believe will disguise the odor and contents of the items in the parcels.

**Statement of Probable Cause**

6.      On March 10, 2023, the shipper of the subject parcel, Joseph HERMANSON, told California law enforcement that he had shipped a package from Arizona to Oregon which contained a quarter pound of marijuana.   The package, which was shipped via the United States Postal Service (USPS), was located and removed from the mail stream.   A narcotics canine subsequently alerted to the package, which is currently in the custody of the Douglas Interagency Narcotics Team (DINT).   Additional details follow.

7.      On March 10, 2023, Detective Jed Rzegocki, Oregon State Police (OSP), High Intensity Drug Trafficking Area (HIDTA) Team, contacted USPIS Portland Domicile regarding a traffic stop of a vehicle conducted by the California Highway Patrol in Fresno County, California.   Det. Rzegocki stated the intelligence recovered from the traffic stop produced a USPS tracking number of a parcel containing narcotics inbound to Oregon.   Det. Rzegocki relayed the following information of the investigation:

**Affidavit of David Hardin**                                                                                    **Page  3**

8.      On March 10, 2023, at approximately 4:15 PM, California Highway Patrol (CHP)
conducted an enforcement stop on a Toyota Camry for a traffic violation in Fresno County,
California.   The occupants of the vehicle, later identified as Joseph HERMANSON and a
female, told the CHP trooper they were returning to Oregon from a trip to visit friends in San
Diego, California.   Further discussion between the occupants and the trooper led to conflicting
details regarding the visit to California and the failure to recall simple and recent details.   A
consent search of the vehicle by CHP recovered USPS shipping boxes, vacuum sealer bags, a
vacuum sealer and a USPS parcel receipt indicating a parcel was mailed from Tempe, Arizona to
Roseburg, Oregon on March 9, 2023 (U.S. Priority Mail parcel 9505 5116 3596 3068 7771 37,
**Subject Parcel**).   The USPS receipt indicated a six-pound eight-ounce parcel, paid for in cash,
was shipped from Tempe, Arizona at 11:21 AM to Roseburg, Oregon and was expected to arrive
on March 13, 2023.   An image of the USPS receipt recovered from the consent search of the
vehicle is provided below:



9.     The CHP trooper asked the occupants about the USPS receipt and HERMANSON
stated that he shipped a quarter pound of marijuana from Tempe to Oregon because he didn't
want to drive with it.   In addition, HERMANSON could not reconcile the weight difference of
the six-pound parcel and alleged quarter pound of marijuana mailed by HERMANSON.
HERMANSON denied consent to open the parcel when asked by the CHP trooper.   The CHP
trooper released the subjects from the scene after photographing the subjects, vehicle and
contents of the vehicle.   CHP then contacted OSP Det. Rzegocki to further assist in the
investigation.

**Affidavit of David Hardin**                                                                                   **Page  5**

10.    On March 13, 2023, I conducted USPS database checks of U.S. Priority Mail parcel 9505 5116 3596 3068 7771 37 (**Subject Parcel**) and saw that the parcel was enroute to the Roseburg, Oregon Post Office located at 519 SE Kane St., Roseburg, Oregon 97470.   I contacted USPS supervisors at the Roseburg Post Office to retrieve the parcel from the mail-stream and detain it for further investigation.   USPS supervisors located the **Subject Parcel** in the Post Office and held it for further investigation by law enforcement.   The **Subject Parcel** was addressed from "Justin Akers, 129 E. Fremont Dr., Tempe, AZ 85282" and to "B. Phillips, 2288 NE Vine St., Roseburg, OR 97470."

11.    An image of the **Subject Parcel** is provided below:



**Affidavit of David Hardin**                                                                      **Page 6**

12.    On March 13, 2023, I contacted members of the Douglas Interagency Narcotics Team (DINT) in Roseburg, Oregon and requested assistance in this investigation.   DINT confirmed their willingness to assist in the investigation and follow up with leads associated to the **Subject Parcel**.   Continuing on March 13, 2023, to assist the USPIS in this investigation, members of DINT responded to the Roseburg Post Office and secured the **Subject Parcel**.

13.    On March 13, 2023, at approximately 10:20 AM, members of DINT brought the **Subject Parcel** back to the DINT Office, located at 1036 SE Douglas Ave., Roseburg, Oregon, 97470 for a narcotics K9 examination. Officer Coleton Baker, DINT K9 handler, deployed K9 Buster in the DINT Office hallway containing the **Subject Parcel**.   Buster alerted on the package for the presence of a controlled substance.   Buster is trained to detect the odor of methamphetamine, cocaine, heroin and marijuana.   Officer Baker relayed the following details reference K9 Buster's deployment and subsequent positive alert on the **Subject Parcel**:

K9 Buster showed a change of behavior near the parcel package and then narrowed his search directly to the parcel package. K9 Buster then gave a final alert on the parcel package by placing his nose on the taped seam of the package. K9 Buster kept his nose pressed to the seam of the package until he was verbally rewarded.

14.    Officer Baker and K9 Buster's qualifications, training, and training accuracy rate are set forth in Exhibit 1, attached hereto and incorporated herein.   The Subject Parcel is currently in the DINT secure evidence vault, located at 1036 SE Douglas Ave., Roseburg, Oregon 97470.   DINT confirmed that the address on the Subject Parcel is real, however the person listed does not appear to associate to the address.

**Affidavit of David Hardin**                                                                                    **Page  7**

15.     HERMANSON's statement that he mailed a package is corroborated by the receipt, and his statement that he mailed a controlled substance is corroborated by the dog alert on the Subject Parcel.   Additionally, the presence of a vacuum sealer and vacuum bags is consistent with shipping controlled substances.   However, given the package weight, that marijuana is readily available at low cost in Oregon at stores, and the totality of the circumstances, I believe the Subject Parcel contains something other than just a quarter-pound of marijuana.

## CONCLUSION

16.     Based on the foregoing, I have probable cause to believe, and I do believe, that the **Subject Parcel** more completely described in Attachment A, contains evidence, contraband, fruits, and/or instrumentalities of violations of the Target Offenses.   As set forth above, I have probable cause to believe that such property and items, as described in Attachment B, will be found in the **Subject Parcel** described in Attachment A.   I therefore request that the Court issue a warrant authorizing the search of the **Subject Parcel** described in Attachment A for the items listed in Attachment B and the seizure of any such items found.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

**Affidavit of David Hardin**                                                                                   **Page 8**

17.     Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney (AUSA) Jeff Sweet.   I was informed that it is AUSA Sweet's opinion that the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant.

**/s/ David L. Hardin**
DAVID L. HARDIN
U.S. Postal Inspector
United States Postal Inspection Service

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 5:11pm on March 16, 2023.

17

HONORABLE MUSTAFA T. KASUBHAI
United States Magistrate Judge

**Affidavit of David Hardin**                                                                 **Page  9**

On March 13, 2023, at approximately 1020 hours, I assisted Detective Travis Kopacek with a United State Postal Service (USPS) parcel package he seized from the Roseburg USPS location, located at 519 SE Kane Street, Roseburg, Douglas County, Oregon 97470.

Detective Kopacek brought the parcel package back to the Douglas Interagency Narcotics Team (DINT) office and placed it in the hallway. I then deployed K9 Buster down the hallway. K9 Buster showed a change of behavior near the parcel package and then narrowed his search directly to the parcel package. K9 Buster then gave a final alert on the parcel package by placing his nose on the taped seam of the package. K9 Buster kept his nose pressed to the seam of the package until he was verbally rewarded.

*A normal alert for Buster is often an initial change of behavior, which often consists of a head snap, or a change of direction or stopped forward progress and investigation in a particular area. Additionally, Buster will change his direction and will use his sense of smell to guide his movement toward one or more of the drug odors he is trained to detect. Buster is trained to detect the odor of methamphetamine, cocaine, heroin and marijuana. Buster's change of behavior is also regularly accompanied by increased tail wagging; also commonly present is purged nostril breathing, and a more intense and frantic searching in a specific area where the odor is more concentrated.*

*Another trait commonly present in Buster's behavior changes is searching of the area in question by increased closed mouth nose breathing to help pinpoint the source of the odor. Sometimes there can be a combination of any and all of the aforementioned responses with a final alert at the end of the behavior change. Buster's final alert consists of putting his nose as close to the odors source and then leaving his nose on the source of the odor until he gets his reward.*

## POLICE DRUG DETECTION K9 "BUSTER"

I, Coleton Baker, attest the following to be true and accurate to the best of my knowledge and belief, based upon my experience handling K9 "Buster" and a review of my training and field application records.

I, Coleton Baker, am currently handling drug detection K9 "BUSTER." K9 "BUSTER" is a male Irish Springer Spaniel.  K9 "BUSTER" has been trained as a focused indication detection dog, where he presses his nose at the source of the trained drug odors as his final response/indication. K9 "BUSTER" is trained to detect the characteristic odors emanating from, cocaine, heroin, methamphetamine, and marijuana.

K9 "BUSTER" was originally trained by Mark Rispoli. Rispoli is a retired Police Officer and K9 handler from several agencies in California. Rispoli is a master trainer with California Narcotics Canine Association (CNCA).

K9 "BUSTER" was originally assigned to Officer Patrick Wright with the Winston Police Department in December of 2018. K9 "BUSTER" spent approximately 3 years and 2 months with Officer Wright before the Winston Police Department retired "BUSTER" in February of

Exhibit 1
Page 1 of 5

2022. K9 "BUSTER" was then taken in by members of the Friends of Umpqua Valley Police K-9. I then obtained K9 "BUSTER" from the Friends of Umpqua Valley Police K-9 in September of 2022.

K-9 "BUSTER" was screened, tested, and ultimately selected based on his demonstrated abilities, strong genetic and working dog background, size, personality, socialization, confidence, and his unusually high hunt drive.

## INITIAL K-9 TRAINING SCHOOL

I, Coleton Baker, attended an 80-hour Basic Dog Handler School in Springfield, Oregon. The training consisted of residential, passenger vehicles, commercial vehicles, storage units, luggage/parcels, building exteriors, and open field searches. This course is consistent with the industry standards, best practices, and methodologies for drug detection K-9 Training.

The Basic Handler School was instructed by Clay Core of Core K9 training. Clay Core has been a K-9 trainer since 2011 with the majority of those years actively involved in Police Drug Detection Canine Training. Clay Core first became a Police K9 Handler in May of 2008. In October 2012, Clay Core completed a 440 hour course through the United States Customs and Border Protection; Concealed Human and Narcotics Detection-Instructor School. While at the school, Clay Core trained 10 canines from a green dog to a final product. He trained these Canine's from the selection test, imprinting the canine, training a final response to teaching search patterns. Approximately half way through this school, he began training Handlers to work these Canines by teaching them proper techniques for working the canines, classroom instruction and at the end of the school he assisted with the certification of the canine teams.

Since becoming a Drug Detection Canine Trainer, Clay Core has attended other advanced K-9 training schools, became a recognized trainer in multiple associations. Clay Core has trained several police canines and their handlers who became certified and have been very successful in the field.

## INITIAL K-9 TRAINING METHODOLOGY

K-9 "BUSTER" was imprinted to find the odors emanating from cocaine, heroin, methamphetamine, and marijuana.  Odor association was accomplished by stimulating the dogs natural hunt drives by rewarding K-9 "BUSTER" with a toy for finding the desired odors.  K-9 "BUSTER" was selected because he showed unusually high hunt drive behavior. K-9 "BUSTER" was rewarded with a toy as soon as he smelled one of the four trained odors. This hunt/reward system quickly conditioned K-9 "BUSTER" the reward, a toy was only associated with the odor of the four trained odors.

This reward system also shaped K-9 "BUSTER's" final response/ indication into a focused indication where he is rewarded for pressing his nose and/or stare at the source of the odor and sniffing. K-9 "BUSTER" will continue to press his nose and/or stare at the source of the odor

Exhibit 1
Page 2 of 5

until he is rewarded. At times if the reward is delayed for an extended period, K-9 "BUSTER" may display additional passive behavior(s) by going into a "sit" or "down".

K-9 "BUSTER" has no expectation to receive his reward (drive satisfaction) absent the characteristic odor of cocaine, heroin, methamphetamine, or marijuana, which he has been trained to locate.

Once I obtained K-9 "BUSTER", he furthered his training and drug training aid hide levels got progressively more difficult, as did the duration of the applications.  Controlled negatives, proofing, and distracting odors were added to the training environments to ensure K-9 "BUSTER" had not extrapolated the drug odor scent picture(s) to include any collateral odors.  A variety of training environments were used to prepare K-9 "BUSTER" for real life applications.

When K-9 "BUSTER" detects the characteristic odor of narcotics which he is trained to detect, he will show a distinct change of behavior. When K-9 "BUSTER" begins to press his nose and/or stares at a specific location, he is doing so at source of the narcotic odor, or as close as is physically practicable to that narcotic odor. This behavior is called a "final response" or "indication."

## CERTIFICATIONS OBTAINED

### ▪ *Oregon Police Canine Association (OPCA):*

On 11/28/22, K-9 "BUSTER" most recently passed the Oregon Police Canine Association (OPCA) drug detection dog certification test in Springfield, Oregon.

The OPCA is specifically listed under Oregon Revised Statute as an "accredited and recognized animal handling organization" directed towards enhancing and training detection dog handlers throughout Oregon.  By passing the OPCA Certification, K-9 "BUSTER" is recognized as a "Police Animal" by ORS definition.

OPCA Certification Criteria:

The OPCA drug detection K-9 certification test is designed as a performance-based test which specifically measures the team's ability to locate the source(s) of multiple drug odors in testing areas that reflect, as closely as possible, real application environments.  It is also a test designed to measure the team's ability to clear controlled negative testing areas, or blanks, which are absent of drug odor without any false positives.  Only real drugs are used in the test and they must be five grams or larger.

The teams must search three rooms/buildings (one which is an unknown blank), three vehicles (one which is an unknown blank), two parcel sniffs containing at least five boxes (four of which are blanks), and two open area searches which include one drug hide in each (may be elevated or buried).

The certification test is quite difficult and controls for false positives and handler cues through the inclusion of the controlled negative testing areas, blind finds, and the presence of distracting,

Exhibit 1
Page 3 of 5

masking, and proofing odors. The failure rate for testing teams can be 30 percent or higher. The handler does not know the number or location of the drugs hidden in the testing areas or which areas are blanks. In order to pass OPCA certification testing, the team must score 100 percent in both Phase One searches (area search/parcel search) and 100 percent in both pass Phase 2 searches (rooms/vehicles).

K-9 "BUSTER" and I's maintenance training is ongoing with various OPCA and CNCA trainers and handlers. Maintenance training occurs on a weekly basis. Often times Detective Baker gets together with various trainers and handlers from the above associations as they set training scenarios for each other. This is done so that training duplicates (as close as possible) to real life situations. This also allows the handler team to conduct scenarios "blind" (i.e. the handler does not know where the drugs are hidden or if the training area is blank).

The maintenance training includes proofing odors, masking odors, and unknown blanks which are all designed to measure or prevent false positives and handler cues respectively. Running unknown blank searches is the single best way to train to prevent handler cuing of the K-9. If the handler does not know where the drugs are hidden, he cannot cue his K-9 into locating them, which forces the dog to rely on his nose only to locate the odors and virtually eliminates any handler-induced false positives. If the handler does not know the training area is a blank, it measures the team's performance in clearing the area in a timely fashion without any false positives.

K-9 "BUSTER" has performed at a very high level. Typically, the only problems with K-9 "BUSTER" and I are when I fail to present or detail the area to be sniffed thoroughly enough for K-9 "BUSTER" to encounter the drug odor and respond accordingly.

I, Coleton Baker, have over 100 hours of documented K-9 drug detection training together, which includes over 300 training applications. Of those applications Detective Baker has documented very few unconfirmed alerts in training- where the reason for the behavior was either misinterpreted as an alert by the handler or some other unconformable stimuli prompted the behavior. Conversely, K-9 "BUSTER" accurately locates and alerts to all hidden drug odors in training well over 90 percent of the time. When K-9 "BUSTER" and I miss a hidden drug aid in training, we diagnose the issue and solve it before leaving the search area, effectively eliminating any training misses. I have never noted any injury, illness, or other circumstances that have detracted from K-9 "BUSTER's" accuracy or ability to locate and alert to drug odor.

K-9 "BUSTER" has been applied in the field 24 times to this date and has indicated to the presence of a controlled substance 14 times. Of the 14 final alerts, 2 times were not corroborated by locating a controlled substance and 12 times were corroborated by a controlled substance. K-9 "BUSTER" and Officer Wright had approximately 28 deployments during their time together. Of the 28 deployments, 11 of the deployments were alerts and were corroborated by locating a controlled substance to which K-9 "BUSTER" is/was trained to detect, resulting in a very high indication/find accuracy rate.

Exhibit 1
Page 4 of 5

Based upon K-9 "BUSTER's" training, certification, continued training and performance in the field, I believe that K-9 "BUSTER's" alert and indication is sufficiently reliable to provide probable cause that narcotics will be located.

Exhibit 1
Page 5 of 5

## Attachment A

### Parcel to be Searched:

The following U.S. Postal Service parcel, presently in the possession of the Douglas Interagency

Narcotics Team (DINT) Office secure evidence vault, located at 1036 SE Douglas Ave.,

Roseburg, Oregon 97470:

## DESCRIPTION OF THE SUBJECT PARCEL

### Subject Parcel

U.S. Priority Mail parcel number:              9505 5116 3596 3068 7771 37

Sender name and address:                       Justin Akers
                                               129 E Fremont Dr
                                               Tempe, AZ 85282

Recipient name and address:                     B. Phillips
                                               2288 NE Vine St
                                               Roseburg, OR 97470

Parcel Type:                                    USPS Priority Mail Ready Post Box



**ATTACHMENT B**

**Items to Be Seized**

The items to be searched for, seized, and examined, are those items in the **Subject Parcel** located at 1036 SE Douglas Ave., Roseburg, Oregon 97470, referenced in Attachment A, that contain evidence, contraband, fruits, and instrumentalities of violations of the Target Offenses: 21 U.S.C. §§ 841(a)(1), 843, and 844: Unlawful distribution, and possession with intent to distribute, controlled substances; Unlawful use of the mail in a controlled substance violation; and, Unlawful possession of controlled substances, including:

1. Controlled substances, including marijuana, methamphetamine, cocaine, heroin, and any other illegal controlled substance listed in DEA Scheduling of Controlled Substances;

2. Any items of identification of the sender or intended recipient of the Subject Parcel, or the source of controlled substances contained in the Subject Parcel; records, correspondence and messages, accounts, ledgers, pay-and-owe sheets, or other documents associated with the distribution, possession, or possession with intent to distribute, controlled substances.

3. Packaging material and items used to conceal the presence of controlled substances, currency, and proceeds of controlled substances; and

4. Currency and proceeds of controlled substance trafficking, and any instrumentalities or fruits of the Target Offenses.